# Order

**Michigan Supreme Court**
**Lansing, Michigan**

August 13, 2021

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

162766

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

MICHAEL WILLIAM KUZMA,
      Defendant-Appellant.

SC: 162766
COA: 355510
Calhoun CC: 2012-000577-FC

_____/

On order of the Court, the application for leave to appeal the December 23, 2020 order of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE the October 27, 2020 order of the Calhoun Circuit Court denying the defendant's motion for relief from judgment, and we REMAND this case to the trial court for reconsideration of that motion. The trial court's stated basis for denying the motion was that "the defendant's motion is without merit and in violation of MCR 6.502(G)." However, the order failed to "include a concise statement of the reasons for the denial," as required by MCR 6.504(B)(2).

We do not retain jurisdiction.

ZAHRA, J. (*dissenting*).

I respectfully dissent from this Court's order vacating the judgment of the trial court and remanding for reconsideration of that motion. MCR 6.504(B)(2) provides, in relevant part, that "[i]f it plainly appears from the face of the materials . . . that the defendant is not entitled to relief, the court shall deny the motion without directing further proceedings. The order must include a concise statement of the reasons for the denial." Defendant's successive motion for relief from judgment raises a claim of newly discovered evidence alleging that the prosecutor knowingly allowed a witness to falsely testify that he did not receive anything in exchange for his testimony. After reviewing defendant's motion, the trial court determined that "defendant's motion is without merit and in violation of MCR 6.502(G)," and denied it without directing further proceedings. Given that "this Court presumably satisfies its obligation under Const 1963, art 6, § 6 to

provide the 'reasons for each denial of leave to appeal' by issuing a general statement that 'we are not persuaded that the questions presented should be reviewed by this Court,' I discern no principled reason why the trial court's statement that 'the defendant's motion is without merit' does not similarly satisfy its obligation under MCR 6.504(B)(2) . . . ." *People v Finnie*, 504 Mich 968, 968 (2019) (MARKMAN, J., dissenting). See also *People v Holmes*, 505 Mich 856 (2019) (MARKMAN, J., dissenting). Because this Court continues to hold trial courts to a higher standard than that to which we hold ourselves, I dissent and would instead deny leave to appeal.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

August 13, 2021



Clerk

a0810